UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In Re: Child Victims Act Cases Removed
From State Court

--------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-4723, 23-CV-4889, 23-CV-4926,
23-CV-4930, 23-CV-5079, 23-CV-5110,
23-CV-5154, 23-CV-5173

PAMELA K. CHEN, District Judge:

Before the Court are motions to remand eight actions brought under the New York Child

Victims Act ("CVA") alleging sexual abuse by individuals employed by and/or associated with

various organizations, primarily churches and schools, affiliated with the Diocese of Rockville

Centre (the "Diocese"). The Diocese is the debtor in a Chapter 11 bankruptcy proceeding currently

pending in the United States Bankruptcy Court for the Southern District of New York,[1] and the

defendants in the eight actions ("Defendants") have removed these cases from state court solely

on the basis that this Court has jurisdiction over these actions because they are "related to" that

bankruptcy proceeding pursuant to 28 U.S.C. § 1334(b). Defendants oppose the remand motions,

arguing that remand would undermine judicial efficiency by hampering the "efficient transfer" of

the cases to the Southern District of New York pursuant to a motion to fix venue under 28 U.S.C.

§ 157(b)(5) filed in that district by the Diocese,[2] and is otherwise unjustified. Defendants argue

in the alternative that if the Court does not deny the remand motions, it should at least hold the

eight cases in abeyance pending the Section 157(b)(5) motion. The Court rejects Defendants'

arguments and remands these cases to state court.

---

[1] *See In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345
(Bankr. S.D.N.Y.).

[2] The motion is currently pending before the Honorable Lorna G. Schofield, No. 23-CV-
5751 (LGS) (Dkt. 1).

The Court writes with the benefit of several decisions[3] remanding dozens of the more than 220 CVA cases filed against Defendants in state court and subsequently removed to this district. As the Honorable Gary R. Brown wrote in *In re Child Victims Act Cases Removed From State Court*, No. 23-CV-5029 (GRB), 2023 WL 5123396, at *3 (E.D.N.Y. Aug. 10, 2023), the CVA plaintiffs' claims have already faced significant delay due to "excessive litigation wrangling" and a nearly three-year stay of these state court actions related to the bankruptcy proceeding.  As the Honorable Martin Glenn, the Bankruptcy Judge in the Southern District of New York who is presiding over the Diocese's Chapter 11 matter, noted in his decision denying the Diocese's request to continue the stay: "For many Survivors, allowing [further] time to pass means that [Plaintiffs] may not be able to recover either because the evidence for their case is lost, or because they themselves do not live long enough to press their claims." *In re The Roman Catholic Diocese of Rockville Centre, New* York, Case No. 20-12345 (Bankr. S.D.N.Y.) (Dkt. 203, at 666.)  The Court therefore is compelled to rule on the remand motions without waiting for a decision on the Section 157(b)(5) motion.

As to Defendants' arguments regarding jurisdiction and abstention, the Court incorporates by reference the Honorable Hector Gonzalez's comprehensive and well-reasoned opinion remanding ten CVA cases in *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023).  For the reasons set forth in Judge Gonzalez's opinion, the Court finds that it does have "related to" jurisdiction over Plaintiffs'

---

[3] *See, e.g., In re Child Victims Act Cases Removed From State Court*, No. 23-CV-5029 (GRB), 2023 WL 5123396, at *3 (E.D.N.Y. Aug. 10, 2023); *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4741 (HG), 2023 WL 5287067 (E.D.N.Y. Aug. 17, 2023); *In Re: Child Victims Act Cases Removed From State Court*, No. 23-CV-4991 (ARR) (SIL), 2023 WL 5436138 (E.D.N.Y. Aug. 23, 2023); *In re Additional Child Victims Act Cases Removed From State Court*, No. 23-CV-04580 (JMA) (ST), 2023 WL 5287219 (E.D.N.Y. Aug. 17, 2023).

claims, but that the doctrine of mandatory abstention requires that the eight cases before this Court be remanded.  *Id.* at *5–8.  Further, the Court adopts Judge Gonzalez's conclusion that even if mandatory abstention did not apply, it would be appropriate for the Court to remand the instant actions under the doctrines of permissive and equitable abstention.  *Id.* at *8.

The Court is also unpersuaded by Defendants' argument that holding the remand motions in abeyance pending Judge Schofield's decision on the Diocese's Section 157(b)(5) motion would be the "more judicially efficient approach."  *See, e.g., Rogers v. Maria Regina Roman Catholic Church, et al.*, 23-CV-5110 (PKC), Dkt. 10, at 5.  The Court fails to see what "efficiency gains from removal" will be "lost" if these cases are remanded to state court.  (*Id.*)  As the Honorable Allyne R. Ross explained in *In Re: Child Victims Act Cases Removed From States Court*: "Section 157(b)(5) allows the transfer of cases pending in federal court *and* state court to the federal district court where a bankruptcy proceeding is pending.  *See In re Pan Am. Corp.*, 16 F.3d 513, 516–17 (2d Cir. 1994).  Defendants fail to explain how or why any efficiencies would be realized by a transfer of these cases from one federal court to another as opposed to from state court to federal court."  *In Re: Child Victims Act Cases Removed From States Court*, No. 23-CV-4991 (ARR) (SIL), Dkt. 17, at 3 (emphasis in original).

Therefore, because the Court must abstain from these cases, and sees no reason to hold the remand motions in abeyance, Plaintiffs' motions to remand are granted.  The following cases are hereby remanded to the courts from which they were removed:

- *T.B. v. USA Northeast Province of the Society of Jesus, Inc. et al.*, No. 23-CV-4723, Nassau County Supreme Court Index No. 900040/2021
- *Pedersen v. St. Rose of Lima Parish*, No. 23-CV-4889, Nassau County Supreme Court Index No. 900135/2021
- *MacKenzie v. Saint Patrick's Church et al.,* No. 23-CV-4926, Nassau County Supreme Court Index No. 900227/2021
- *Montross v. Our Holy Redeemer Roman Catholic Church, et al.*, No. 23-CV-4930, Nassau County Supreme Court Index No. 900170/2021

- *Musolino v. St. Joseph Catholic School,* No. 23-CV-5079, Suffolk County Supreme Court Index No. 610237/2021
- *Rogers v. Maria Regina Roman Catholic Church,* No. 23-CV-5110, Nassau County Supreme Court Index No. 900112/2021
- *ARK669 Doe v. Holy Trinity Diocesan High School et al*, No. 23-CV-5154, Nassau County Supreme Court Index No. 900363/2021
- *Grace v. St. Mary's College Preparatory High School et al.,* No. 23-CV-5173, Nassau County Supreme Court Index No. 900383/2021

The Clerk of Court is respectfully directed to close these cases and to mail a copy of this

order to the New York State Supreme Courts in Nassau County and Suffolk County.

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: August 29, 2023
        Brooklyn, New York